## WALTER ADAMSKI v. VICTOR NAUROT.

Decided July 23, 1927.

Contracts—Mechanic's Lien—Plaintiff Contracted With Defendant, Who Later, Before Work was Finished, Stopped Plaintiff, Employing Another to Finish the Work—Held, That There was No Error in Admitting Evidence Showing Average Wages of Bricklayers During the Time Plaintiff was Engaged in Working—Held, Further, That the Burden of Proving Payments is on the One Alleging Them, and That in Cases of Dispute it Cannot be Error to Charge That Such a Dispute Exists.

On appeal from the Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the appellant, *Feder & Rinzler*.

For the respondent, *Thomas J. Kennedy*.

PER CURIAM.

This was an action brought upon a mechanic's lien. The trial resulted in a verdict in favor of the plaintiff, and from the judgment entered pursuant thereto the defendant has appealed.

The proofs show that the latter contracted with the plaintiff for the erection of an addition to a building belonging to him, located in the city of Passaic, and also for extra work to be done on the building. The contract was made in the latter part of March, 1925. The plaintiff started in with his work under the contract soon after that date, and on the 19th of June of that year, when the work was nearly completed, the defendant stopped him from further performance of his contract, and employed someone else to finish the job. Upon proof of these facts, the jury found the defendant liable under his contract.

Only two grounds of reversal are argued before us. The first is that the trial court erroneously allowed evidence showing the average wages of bricklayers in March, April and May, 1925. This covered the period during which the plaintiff was engaged in the work for which he was employed, and, as a part of that work was the laying of bricks, it seems to us that the testimony was relevant as bearing upon the question of the pecuniary loss which he sustained by reason of being wrongfully prevented from finishing the work under his contract.

The only other ground for reversal is directed at the following instruction by the court to the jury: "The defendant claims that he made certain payments, and there is a dispute about that. The burden of proving the amount of the payments by a fair preponderance of the evidence rests upon the defendant." It is difficult for us to understand why defendant's counsel considers this instruction erroneous. The law is settled that the burden of proving payment is on the party alleging it. The defendant by his answer averred payment of a certain amount. If he desired credit therefor, the obligation was on him to support that averment by proof.

The judgment under review will be affirmed.